**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

L.A. CLOSEOUT, INC., d/b/a
Gametronics; JOHANSEN GROSPE,
    *Plaintiffs-Appellants,*

v.

DEPARTMENT OF HOMELAND
SECURITY; CITIZENSHIP &
IMMIGRATION SERVICES,
    *Defendants-Appellees.*

No. 06-56084

D.C. No.
CV-05-00074-DT

OPINION

Appeal from the United States District Court
for the Central District of California
Dickran M. Tevrizian, District Judge, Presiding

Argued and Submitted
December 7, 2007—Pasadena, California

Filed January 18, 2008

Before: Harry Pregerson, John T. Noonan, and
Stephen S. Trott, Circuit Judges.

Per Curiam Opinion

701

**COUNSEL**

Wade J. Chernick, Law Office of Wade J. Chernick, Encino, California, for the plaintiffs-appellants.

Carla A. Ford, Assistant United States Attorney, Los Angeles, California, for the defendants-appellees.

**OPINION**

PER CURIAM:

L.A. Closeout and Johansen Grospe appeal the district court's decision affirming U.S. Citizenship and Immigration Services' ("CIS") denial of Grospe's adjustment of status application. Grospe wished to adjust his status from a B-2 tourist visa to an H-1B visa for specialty occupation workers. Appellants first claim that CIS's use of an internal memoran-

dum (the "Pearson memorandum") interpreting 8 C.F.R. § 248.1 violated the notice and comment requirements of the Administrative Procedure Act. Appellants also claim that CIS's interpretation of 8 C.F.R. § 248.1 contradicts the language of the regulation. We have jurisdiction under 28 U.S.C. § 1291. We reject both of these arguments and affirm the district court's decision.

*Notice and Comment Procedures*

**[1]** Appellants challenge the use of the Pearson memorandum, claiming that the agency's reliance on the memo violated the Administrative Procedure Act ("APA") because the agency did not go through notice and comment procedures. Section 553 of the APA provides that notice and comment procedures are generally required for agency "rule making." 5 U.S.C. § 553. However, 5 U.S.C. § 553(b)(A) provides that notice and comment procedures are not required for "interpretative rules." Interpretative rules are "issued by an agency to advise the public of the agency's construction of the statutes and rules which it administers." *Erringer v. Thompson*, 371 F.3d 625, 630 (9th Cir. 2004) (quoting *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 88 (1995)). By contrast, legislative rules, which require notice and comment, "create rights, impose obligations, or effect a change in existing law pursuant to authority delegated by Congress." *Id.* (citing *Hemp Indus. Ass'n v. DEA*, 333 F.3d 1082, 1087 (9th Cir.2003)).

**[2]** The Pearson memorandum did not create new law, rights or obligations. It was an internal memorandum that simply provided the agency's construction of the regulation in a particular factual circumstance. As such, notice and comment procedures were not required.

*CIS's Interpretation of 8 C.F.R. § 248.1*

**[3]** 8 C.F.R. § 248.1(b) provides that "a change of status may not be approved for an alien who failed to maintain the

previously accorded status or whose status expired before the application or petition was filed." CIS denied Grospe's adjustment of status application because it concluded that he did not "maintain" his status during the six-month period from April 5, 2004, when his tourist visa expired, and October 1, 2004, when he would be eligible for an H-1B visa. CIS thus interprets the phrase "maintain the previously accorded status" to require applicants to be "in status" not just until their visa application is filed, but until October 1, the date H-1B visas become operative.

An agency's interpretation of its own regulation is "controlling" if it is not "plainly erroneous or inconsistent" with the regulation. *Auer v. Robbins*, 519 U.S. 452, 461 (1997); *see also SEC v. Phan*, 500 F.3d 895, 904 (9th Cir. 2007). "Under this standard, we defer to the agency's interpretation of its regulation unless an alternative reading is *compelled* by the regulation's plain language or by other indications of the [agency's] intent at the time of the regulation's promulgation." *Bassiri v. Xerox Corp.*, 463 F.3d 927, 931 (9th Cir. 2006) (alterations in original) (citations and internal quotation marks omitted).

**[4]** The regulation at issue, 8 C.F.R. § 248.1, is ambiguous because it does not define what it means to "maintain the previously accorded status." The requirement that a new petition must be filed before the previous status expires adds ambiguity regarding whether a petitioner need remain "in status" only until the new application is filed, or instead until the new visa begins. However, despite these ambiguities, we cannot conclude that the agency's interpretation is "plainly erroneous or inconsistent" with the text of the regulation, as would be required under *Auer* for us to reject the agency's interpretation.

**[5]** In sum, because the agency was not required to comply with notice and comment procedures and because the agency's interpretation of 8 C.F.R. § 248.1 was not plainly errone-

ous or inconsistent, we affirm the decision denying Grospe's adjustment of status application.

**AFFIRMED.**