MEMORANDUM **
Yasaman Ale Tomeh appeals the District Court’s order granting summary judgment to the United States Department of Homeland Security, Citizenship and Immigration Services (“CIS”) in her action for declaratory relief and judicial review. CIS denied Tomeh’s application to change her non-immigrant status from a B-2 tourist to an F-l student on the grounds that Tomeh failed to maintain a valid non-immigrant status as required under the applicable statute and regulations. See 8 U.S.C. § 1258; 8 C.F.R. 248.1(b). We affirm.
Federal immigration law provides that the Secretary of Homeland Security may authorize a change from one non-immigrant classification to another nonimmi-grant classification for “any alien lawfully admitted to the United States as a non-immigrant who is continuing to maintain that status and who is not inadmissible under [applicable provisions].” 8 U.S.C. § 1258(a). The corresponding federal regulation provides that a non-immigrant alien “who is continuing to maintain his or her non-immigrant status, may apply to have his or her non-immigrant classification changed to any non-immigrant classification ....” 8 C.F.R. § 248.1(a). The regulations further state that “a change of status may not be approved for an alien who failed to maintain the previously accorded status or whose status expired before the application or' petition was filed.... ”8 C.F.R. § 248.1(b).
CIS interprets 8 U.S.C. § 1258 and 8 C.F.R. 248.1(b) as requiring that the non-immigrant maintain her previously authorized non-immigrant status until her new status begins. In this case, Tomeh’s B-2 tourist visa was set to expire on June 16, 2006, while her F-l student visa could not go into effect until mid-July. See 8 C.F.R. § 214.2(f)(5)(i). As a result of this month-long gap, during which Tomeh would be out-of-status, CIS denied her application for adjustment.
Tomeh contends that this denial was improper because CIS’s interpretation of the governing regulations is unreasonable. According to Tomeh, § 1258 and its accompanying regulations require only that an applicant file the change of status application while still in the previously accorded status and do not require the petitioner to maintain that status until the new status becomes operative.
Tomeh’s argument is foreclosed by our holding in L.A. Closeout, Inc. v. Dep’t. of Homeland Sec., 513 F.3d 940 (9th Cir.2008). In L.A. Closeout, we upheld the precise interpretation of the relevant regulations that CIS applied here and expressly rejected the argument Tomeh now makes. Id. at 942-43.
Pursuant to our holding in L.A. Closeout, which squarely controls this case, we affirm CIS’s denial of Tomeh’s change of status application. CIS’s interpretation of the relevant regulations as requiring To-meh to maintain her tourist status until her student status became operative was not “plainly erroneous or inconsistent with *622 the text of the regulation.” See id. at 942 (internal quotation marks omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.