# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-4039

———————

Edi Javier Godinez-Arroyo,

   Petitioner,

    v.

Michael B. Mukasey,[1] Attorney
General of the United States,

   Respondent.

\*
\*
\*
\*
\* Petition for Review of an Order of
\* the Board of Immigration Appeals.
\*
\*
\*
\*
\*

———————

Submitted: October 19, 2007
Filed: August 28, 2008

———————

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

———————

MELLOY, Circuit Judge.

Edi Javier Godinez-Arroyo petitions for review of a Board of Immigration Appeals decision ordering him removed from the United States because of his conviction for a crime "involving moral turpitude." See 8 U.S.C. § 1227(a)(2)(A)(i) (providing that aliens convicted of "a crime involving moral turpitude" are subject to removal). The BIA determined that Godinez-Arroyo's second-degree assault

———————

[1]Michael B. Mukasey is substituted as the Attorney General of the United States pursuant to Fed. R. App. P. 43(c)(2).

conviction for "recklessly caus[ing] serious physical injury to another person" is a conviction of a crime involving moral turpitude. Godinez-Arroyo asserts the BIA erred in this determination. We deny his petition for review.

## I.

Godinez-Arroyo was convicted of assault in the second degree under a Missouri law encompassing numerous offenses.[2] The BIA determined that the statute contained some offenses that constitute crimes of moral turpitude, and, as a result, treated the statute as "divisible" and "look[ed] to the record of the conviction, meaning the

---

[2]The Missouri law provides that one may be convicted of second-degree assault if he or she:

(1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or

(2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(3) Recklessly causes serious physical injury to another person; or

(4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself; or

(5) Recklessly causes physical injury to another person by means of discharge of a firearm; or

(6) Operates a motor vehicle . . . and when so operating, acts with criminal negligence to cause physical injury to any person authorized to operate an emergency vehicle. . . .

Mo. Rev. Stat. § 565.060.

indictment, plea, verdict, and sentence" to determine which particular offense applied. See Solano-Chicas v. Gonzales, 440 F.3d 1050, 1056 (8th Cir. 2006). Because the record of conviction stated that Godinez-Arroyo "caused serious physical injury" to another "by hitting him," the BIA determined that Godinez-Arroyo was "[c]learly . . . charged and convicted of assault . . . for having recklessly caused serious physical injury to another person," under Missouri Revised Statute § 565.060(3). Missouri law defines "act[ing] recklessly" as "consciously disregard[ing] a substantial and unjustifiable risk" when disregarding the risk "constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." Mo. Rev. Stat. § 562.016.

An immigration judge ordered Godinez-Arroyo's removal from the United States based on this conviction. Godinez-Arroyo appealed to the BIA. The BIA dismissed his appeal, citing this court's decision in Reyes-Morales v. Gonzales, 435 F.3d 937 (8th Cir. 2006), which left open the possibility that a crime involving mere recklessness could constitute a crime involving moral turpitude if an aggravating factor was present. The BIA noted this "aggravating dimension" must "significantly increase[] the culpability of the offense." The BIA determined that causing serious physical injury to another constituted an aggravating factor that significantly increased the culpability of the offense. Godinez-Arroyo appeals his removal, challenging only that his crime is one involving moral turpitude.

## II.

### A.

"Congress has not defined the phrase 'crime involving moral turpitude,' and the meaning of that phrase was left 'to future administrative and judicial interpretation.' In reviewing an administrative decision, therefore, we give deference to the agency's interpretation of the ambiguous statutory phrase, and we uphold its construction as

-3-

long as it is reasonable." Chanmouny v. Ashcroft, 376 F.3d 810, 811 (8th Cir. 2004) (quoting Franklin v. INS, 72 F.3d 571, 572 (8th Cir. 1995)) (internal and additional citations omitted).

An issue came up at oral argument in this case as to the level of deference owed to an unpublished BIA opinion. We generally defer to reasonable BIA interpretations of gaps in statutes and regulations it administers because "[i]f Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843–44 (1984). Gaps indicate Congress delegated policymaking to administrative agencies, who have "great expertise" and who are "charged with responsibility for administering" the laws. Id. at 865. We thus defer to agency action that "carr[ies] the force of law." United States v. Mead Corp., 533 U.S. 218, 221 (2001); see also INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999) ("[T]he BIA should be accorded Chevron deference as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication." (internal quotation omitted)).

However, because the underlying BIA decision in this case was unpublished, it may lack the force of law and Chevron deference may be inappropriate. See Mead Corp., 533 U.S. at 221 (finding Chevron deference inappropriate because there is "no indication that Congress intended such a ruling [a tariff classification] to carry the force of law"); see also Garcia-Quintero v. Gonzales, 455 F.3d 1006, 1013 (9th Cir. 2006) (noting that "[t]he unpublished designation of the decision . . . makes it clear that it was not issued pursuant to the BIA's authority to make rules that carry the force of law" and that the court would not accord Chevron deference to an unpublished opinion not compelled by a prior published opinion).

Even if <u>Chevron</u> deference is inappropriate, however, the BIA opinion would nevertheless be eligible for a lesser form of deference under <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134 (1944). <u>See</u> <u>Mead Corp.</u>, 533 U.S. at 234 (noting that "<u>Chevron</u> did nothing to eliminate <u>Skidmore</u>'s holding that an agency's interpretation may merit some deference whatever its form, given the specialized experience and broader investigations and information available to the agency . . . and given the value of uniformity in its administrative and judicial understandings of what a national law requires" (internal citations and quotation omitted)). Under <u>Skidmore</u> deference, "the ruling is eligible to claim respect according to its persuasiveness," <u>Mead Corp.</u>, 533 U.S. at 221, but is "worth no more than its inherent persuasive value," <u>Kai v. Ross</u>, 336 F.3d 650, 655 (8th Cir. 2003). The opinion is afforded weight "depend[ing] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." <u>Skidmore</u>, 323 U.S. at 140; <u>Kai</u>, 336 F.3d at 655.

We note that our court and the Supreme Court have previously applied a high level of deference to unpublished opinions. <u>See</u> <u>Chanmouny</u>, 376 F.3d at 811 (applying deferential review to a BIA opinion that affirmed an immigration judge's decision without an opinion under 8 C.F.R. § 1003.1(e)(4)); <u>see also</u> <u>Aguirre-Aguirre</u>, 526 U.S. at 424 (applying deference to an unpublished BIA opinion); <u>Garcia-Quintero</u>, 455 F.3d at 1014 (noting that the underlying BIA order in <u>Aguirre-Aguirre</u> was unpublished). These cases, however, did not explicitly address whether there should be some sliding scale of deference based on whether the BIA opinions are published or unpublished. We acknowledge that at least two of our sister circuits have questioned whether to apply a high level of deference to non-precedential BIA opinions. <u>See</u> <u>Garcia-Quintero</u>, 455 F.3d at 1013 (noting that "[t]he unpublished designation of the decision . . . makes it clear that it was not issued pursuant to the BIA's authority to make rules that carry the force of law" and that the court would not accord <u>Chevron</u> deference to an unpublished opinion not compelled by a prior published opinion); <u>Ucelo-Gomez v. Gonzales</u>, 464 F.3d 163, 170 (2d Cir. 2006)

(leaving open the question whether it would grant <u>Chevron</u> deference to a non-precedential BIA opinion). This is an issue we leave for another day. We need not address it here, as we hold that even applying the lesser <u>Skidmore</u> deference, we affirm the persuasive BIA decision.

B.

We have defined a crime of moral turpitude as involving "an act of baseness, vileness, or depravity in the private and social duties" that people owe each other or "society in general, and is contrary to the accepted rule of right and duty." <u>Franklin</u>, 72 F.3d at 573 (internal quotations and brackets omitted). Even though a petitioner's "intent is critical to a finding of moral turpitude," <u>Reyes-Morales</u>, 435 F.3d at 945, and "[a] reckless mental state, without more, typically does not give rise to a finding of moral turpitude," <u>id.</u> at 945 n.7, we have indicated that reckless conduct could be sufficient if an aggravating factor is present, <u>id.</u> at 945 (citing <u>In re Fualaau</u>, 21 I. & N. Dec. 475, 478 (BIA 1996)). We find persuasive the BIA's decision that causing serious physical injury constitutes an aggravating factor.

In <u>Franklin</u>, we determined that causing the death of another person while exercising the same mens rea Godinez-Arroyo exercised in this case constituted an aggravating factor. <u>Franklin</u>, 72 F.3d at 572. The BIA's determination that causing serious physical injury to another constituted an aggravating factor is also consistent with our definition that a crime is one involving moral turpitude if it is malum in se. <u>See</u> <u>Recio-Prado v. Gonzales</u>, 456 F.3d 819, 821 (8th Cir. 2006). The BIA's determination is also consistent with decisions from our sister circuits, <u>see</u> <u>Pichardo v. INS</u>, 104 F.3d 756, 759–60 (5th Cir. 1997) (deciding a crime involving "bodily injury together with a minimum mens rea of recklessness" can constitute a crime of moral turpitude); <u>Knapik v. Ashcroft</u>, 384 F.3d 84, 90 (3d Cir. 2004) (finding the violation of a New York reckless-endangerment statute to be a crime of moral turpitude, noting that it "contains aggravating factors, requiring that a defendant create

-6-

a grave risk of death to another person under circumstances evincing a depraved indifference to human life" (internal quotations omitted)), and with previous BIA decisions, In re Fualaau, 21 I. & N. Dec. at 477 (noting that a crime was not one involving moral turpitude because, in part, "[t]he statute governing the conviction identified misconduct which simply caused bodily injury, *rather than serious bodily injury*" (emphasis added)); Matter of Medina, 15 I. & N. Dec. 611, 613–14 (BIA 1976) (holding that a crime requiring criminal recklessness with a deadly weapon can constitute a crime involving moral turpitude).

Godinez-Arroyo argues that we should define the aggravating dimension narrowly and include only crimes where a deadly weapon was used or where serious injury was inflicted on children, domestic partners, or peace officers. The BIA's opinion in this case did list these crimes as examples of aggravating factors. However, the opinion went on to find that causing serious bodily injury constituted an aggravating factor, indicating that the BIA did not intend for this list of aggravating factors to be exhaustive. We find the BIA's conclusion in this case persuasive.

III.

We deny Godinez-Arroyo's petition for review.

_____