# Matter of Michael Raymund Aguirre LEGASPI, Respondent

File A097 368 288 - Los Angeles, California

*Decided September 1, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien is not independently "grandfathered" for purposes of adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. 1255(i) (2006), simply by virtue of marriage to another alien who is "grandfathered" under section 245(i) as the result of having been a derivative beneficiary of a visa petition.

FOR RESPONDENT: Richard M. Loew, Esquire, South Pasadena, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Elena Kusky, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, PAULEY, and GREER, Board Members.

GREER, Board Member:

On January 14, 2008, an Immigration Judge denied the respondent's application for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2006), but granted him voluntary departure. The respondent, a native and citizen of the Philippines, has appealed from that decision. The appeal will be dismissed.

This case presents the question whether the spouse of an alien who is grandfathered for purposes of section 245(i) of the Act can independently adjust his status under section 245(i). We hold that he cannot.

Section 245(i) of the Act permits adjustment of status for certain aliens who are (1) ineligible under section 245(a) for entering without inspection or (2) disqualified under section 245(c) of the Act. As originally enacted, section 245(i) was scheduled to sunset on October 1, 1997.[1] However, Congress added a grandfathering provision that allows some aliens to continue to benefit from section 245(i). Section 245(i)(1) of the Act. Under the regulations relating to this provision, the term "grandfathered aliens"

---

[1] *See* Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No.105–119, § 111(b), 111 Stat. 2440, 2458.

encompasses beneficiaries (and their derivative beneficiaries, including family members specified in section 203(d) of the Act, 8 U.S.C. § 1153(d) (2006)) of visa petitions or labor certifications that were (1) filed on or before April 30, 2001; (2) properly filed; and (3) approvable when filed. *Id.*; 8 C.F.R. § 1245.10(a) (2010); *see also Matter of Rajah*, 25 I&N Dec. 127, 133-35 (2009) (discussing the mechanics of section 245(i) of the Act).

The respondent married Ms. Blanco, who is a lawful permanent resident, in 2003. As a child, Ms. Blanco qualified as a derivative beneficiary of a 1987 visa petition filed by her paternal grandfather on her father's behalf. Ms. Blanco did not adjust her status through her grandfather's petition. Instead, her status was adjusted via an employment-based immigrant visa petition that was filed in April 2002. Even though her adjustment was not based on the 1987 petition, she remains a grandfathered alien for purposes of accessing section 245(i) to adjust status.[2]

The respondent is not eligible to adjust his status under section 245(a) because he is an alien who failed to maintain lawful status after entry. Section 245(c)(2) of the Act. Thus, he can only apply for adjustment of status under section 245(i), but he cannot independently qualify to adjust under that section because he is not a grandfathered alien. *See* 8 C.F.R. §§ 1245.10(a)(1)(i), (b). However, he claims that he is eligible to adjust his status under section 245(i) as a derivative beneficiary of Ms. Blanco, because she is a grandfathered alien.

The Department of Homeland Security ("DHS") counters that the respondent cannot adjust his status under section 245(i) of the Act because Ms. Blanco is not the principal beneficiary of the 1987 visa petition. The principal beneficiary of that petition was her father. The DHS argues that the statute and the regulations permit a spouse or child accompanying or following to join a principal beneficiary who is adjusting status to be treated as a grandfathered alien, but not someone in the respondent's position. *See* 8 C.F.R. § 1245.10(a)(1)(i).

Both the statute and the regulations extend eligibility for section 245(i) adjustment to an alien who is the beneficiary (including a spouse or child of the alien beneficiary, if eligible to receive a visa under section 203(d) of the Act) of a visa petition or labor certification filed on or before April 30, 2001, in certain circumstances. Section 245(i)(1) of the Act; 8 C.F.R. §§ 1245.10(a)(1)(i), (b). We agree with the DHS that the respondent cannot independently adjust his status under section 245(i) because he does not have

---

[2] Both parties represent that Ms. Blanco adjusted her status under section 245(a) of the Act. However, because she was a derivative beneficiary of the 1987 visa petition, she remains eligible for adjustment of status under section 245(i) until she adjusts once under that section. *See* Memorandum from William R. Yates, Assoc. Dir. for Operations, to USCIS officials (Mar. 9, 2005), at §§ 3D(1), 3E(2) (clarifying eligibility requirements for adjustment of status under section 245(i)), 2005 WL 628644.

a qualifying relationship to the principal beneficiary of the 1987 petition. *See Landin-Molina v. Holder*, 580 F.3d 913, 918 (9th Cir. 2009) (explaining that a derivative spouse is only eligible for adjustment of status under section 245(i) if he or she is "accompanying or following to join" the *principal* alien). The language of section 245(i) makes clear that it applies only to the beneficiary of the visa petition and to that *principal* alien's spouse or child (and only if those relatives are eligible to receive a visa under section 203(d)). Section 245(i)(1)(B) of the Act. The respondent was not the beneficiary of a visa petition; nor was he ever the spouse or child of the principal alien beneficiary, Ms. Blanco's father. Therefore, the respondent cannot be grandfathered as a derivative.

Moreover, had Ms. Blanco been married at the time her grandfather's petition was filed, she would not have qualified as a derivative beneficiary. If married, she would not have met the definition of a "child" for purposes of section 203(d) of the Act. *See* section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (2006) (excluding married individuals from the definition of a child). In other words, Ms. Blanco's derivative beneficiary status depended on her being a "child" who was accompanying or following to join her father. The respondent simply cannot claim to independently qualify for section 245(i) adjustment of status on the basis of a relationship that would have precluded Ms. Blanco from qualifying in her own right.

For these reasons, we conclude that the Immigration Judge properly denied the respondent's application for adjustment of status. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security ("DHS"). *See* section 240B(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(b) (2006); *see also* 8 C.F.R. §§ 1240.26(c), (f) (2010). In the event the respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order.

**NOTICE:** If the respondent fails to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty as provided by the regulations and the statute and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act, 8 U.S.C. §§ 1229b, 1255, 1258, and 1259 (2006). *See* section 240B(d) of the Act.

**WARNING:** If the respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply. *See* Voluntary Departure: Effect of a Motion To Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76,927, 79,937-38 (Dec. 18, 2008) (codified at 8 C.F.R. §§ 1240.26(c)(3)(iii), (e)(1)).

**WARNING:** If, prior to departing the United States, the respondent files any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the Act, 8 U.S.C. § 1252, the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect. However, if the respondent files a petition for review and then departs the United States within 30 days of such filing, the respondent will not be deemed to have departed under an order of removal if the alien provides to the DHS such evidence of his or her departure that the Immigration and Customs Enforcement Field Office Director of the DHS may require and provides evidence DHS deems sufficient that he or she has remained outside of the United States. The penalties for failure to depart under section 240B(d) of the Act shall not apply to an alien who files a petition for review, notwithstanding any period of time that he or she remains in the United States while the petition for review is pending. *See* 73 Fed. Reg. at 76,938 (codified at 8 C.F.R. § 1240.26(i)).