**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-2096

HYENG KAB LEE; MYUNG HEE LEE, a/k/a Myung Hee Kim; CHUNG LEE; HYO LEE,

        Petitioners,

      v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petitions for Review of an Order of the Board of Immigration Appeals.

Argued: September 23, 2010      Decided: November 5, 2010

Before TRAXLER, Chief Judge, SHEDD, Circuit Judge, and James C. DEVER III, United States District Judge for the Eastern District of North Carolina, sitting by designation.

Petitions granted and remanded by unpublished per curiam opinion.

**ARGUED:** Rachel Sobin Ullman, Silver Spring, Maryland, for Petitioners. Carmel A. Morgan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Tony West, Assistant Attorney General, Civil Division, Russell J. E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hyeng Kab Lee, Myung Hee Lee, Chung Lee, and Hyo Lee, natives and citizens of South Korea, petition for review of a Board of Immigration Appeals (BIA) order dismissing their appeal, denying their motion for remand, and ordering their voluntary departure. The Lees contend that they are eligible to adjust their status as "grandfathered aliens" under 8 U.S.C. § 1255(i) and that the BIA erred in concluding that the Immigration Judge (IJ) was without authority to determine if Hyeng Lee's labor certificate was "approvable when filed." Because we agree with the Lees that the BIA erred in conducting its review, we grant the petitions for review and remand the case for further proceedings.

I.

Hyeng Lee entered the United States on June 4, 1998, as a non-immigrant B2 (tourist) visitor. Hyeng's wife, Myung Lee, and their two sons, Chung and Hyo, entered the United States on January 9, 1999, as non-immigrant B2 visitors. All four then remained in the United States beyond their one-month authorization.

On April 12, 2001, Byeong H. Lee, a construction contractor, filed an application for a labor certificate on behalf of Mr. Lee. The application was approved on October 31,

3

2001. The next January, an employment-based immigrant visa petition was approved for Mr. Lee. Mr. Lee then filed for an adjustment of status, which was denied on December 29, 2004. In addition, the United States Citizenship and Immigration Services (USCIS) revoked Mr. Lee's labor certificate for fraud.[1] On April 8, 2005, the Department of Homeland Security (DHS) served the Lees with notices to appear, alleging that they were subject to removal.

The family's case was assigned to a single IJ and scheduled for hearing on March 14, 2006. In the interim, Sizzling Express Columbia Plaza, Inc., filed a labor certification petition for Mrs. Lee, which was approved on February 6, 2006. Sizzling Express also filed a visa petition on Mrs. Lee's behalf on August 17, 2007.

Meanwhile, the IJ granted a continuance at the March 14, 2006, hearing and granted additional continuances on September 12, 2006, January 24, 2007, and March 27, 2007. As relevant here, several of the continuances served to permit Mr. Lee to pursue an administrative appeal of the revocation of his labor

---

[1] Mr. Lee's visa petition was prepared by attorney Steven Y. Lee, who subsequently pled guilty to conspiracy to commit immigration fraud. In response, USCIS sent Mr. Lee a notice of its intention to revoke his visa petition and, after Mr. Lee failed to file a response to the notice, USCIS revoked the petition.

4

certificate. The Lees' hearing finally occurred on September 25, 2007. At the hearing, the Government informed the IJ that the USCIS had upheld the invalidation of Mr. Lee's labor certificate. In response, the Lees requested "one last chance"—an additional continuance permitting them to pursue a "nice clean" immigrant petition for Mrs. Lee. J.A. at 319, 322. The Government objected to the request, and the IJ took the matter under advisement. On October 9, the IJ issued a written order denying the motion for a continuance. The IJ found the Lees' removability had been proven by clear and convincing evidence and recounted the multiple continuances in the case. Under the circumstances, the IJ concluded that no additional continuance was warranted and ordered the Lees removed, subject to voluntary departure.

The Lees filed a timely appeal and later filed a motion to remand after Mrs. Lee's immigrant visa was approved on May 20, 2008. The Lees also moved to supplement the record. On August 27, 2009, the BIA issued an order denying the motion to remand and dismissing the appeal. The BIA concluded that neither Mr. nor Mrs. Lee was eligible to adjust status under 8 U.S.C. § 1255(a) because both had failed to maintain continuously a lawful status since entry into the United States. The BIA also concluded that neither was eligible to adjust their status under § 1255(i). That section permits an alien "physically present"

in the United States to apply for adjustment of status if the alien: (1) entered the United States without inspection; and (2) is the beneficiary (including a spouse or child of the alien) of a labor certificate filed prior to April 30, 2001.  8 U.S.C. § 1255(i).  Aliens that qualify for adjustment under this section are termed "grandfathered aliens."  See 8 C.F.R. § 1245.10(a).

The BIA noted that Mr. Lee's labor certificate, which was filed prior to April 30, 2001, had been revoked and that the Lees had provided "no legal authority to support their contention" that the IJ was permitted to review that decision. J.A. at 16.  The BIA also found that Mrs. Lee's labor certificate was filed subsequent to April 30, 2001, and that she could not use her husband's revoked labor certificate to support her own adjustment of status.  The BIA thus concluded that, because none of the Lees was statutorily eligible to adjust their status, the IJ had properly denied the motion for a continuance and there was no basis for remanding the case.

## II.

In their petitions for review, the Lees claim that the BIA abused its discretion in denying the continuance motion because the BIA based its reasoning on an incorrect statement of law— that the IJ was not permitted to review Mr. Lee's labor

6

certificate.  We review the BIA's legal determinations de novo, "according appropriate deference" to its interpretation of the Immigration and Nationality Act and attendant regulations. Ogundipe v. Mukasey, 541 F.3d 257, 260 (4th Cir. 2008).  "Where, as here, the BIA did not adopt the IJ's opinion but offered its own reasons for denying relief, we review the BIA's order rather than the IJ's ruling."  Ngarurih v. Ashcroft, 371 F.3d 182, 188 (4th Cir. 2004).  By regulation, an IJ "may grant a motion for continuance for good cause shown."  8 C.F.R. § 1003.29 (2010). "Whether to grant a motion to continue deportation proceedings is within the sound discretion of the IJ and is reviewed for abuse of discretion only."  Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998).

In arguing that the BIA erred in conducting its review, the Lees rely on 8 C.F.R. § 1245.10(i), which provides:

> (i) Denial, withdrawal, or revocation of the approval of a visa petition or application for labor certification.  The denial, withdrawal, or revocation of the approval of a qualifying immigrant visa petition, or application for labor certification, that was properly filed on or before April 30, 2001, and that was approvable when filed, will not preclude its grandfathered alien (including the grandfathered alien's family members) from seeking adjustment of status under section 245(i) of the Act on the basis of another approved visa petition, a diversity visa, or any other ground for adjustment of status under the Act, as appropriate.

7

The phrase "approvable when filed" means a visa petition or labor certification that was "properly filed, meritorious in fact, and non-frivolous." 8 C.F.R. § 1245.10(a)(3).

According to the Lees, under § 1245.10(i), the IJ was permitted to determine whether Mr. Lee's labor certificate was "approvable when filed" notwithstanding USCIS's later revocation of the certificate. The Lees then contend that, if Mr. Lee's labor certificate was approvable when filed, Mrs. Lee's visa satisfies the requirement that the grandfathered alien have "another approved visa petition" and the Lees may be statutorily eligible for an adjustment of status. See Matter of Legaspi, 25 I. & N. Dec. 328, 329 n.2 (BIA 2010); Memorandum from William R. Yates, Assoc. Dir. for Operations, to USCIS officials (Mar. 9, 2005), at §§ 3D(1), 3E(2), 2005 WL 628644 (discussing eligibility requirements under § 1255(i)).

Under the facts of this case, we agree with the Lees that the BIA erred in ruling that the IJ was not permitted to review Mr. Lee's labor certificate to determine if it was "approvable when filed." Indeed, we have already held that the IJ is permitted to review the "totality of the circumstances" surrounding a labor certificate in making that determination. Ogundipe, 541 F.3d at 260-61. See also Perez-Vargas v. Gonzales, 478 F.3d 191, 194 (4th Cir. 2007) (noting that IJs "necessarily" have jurisdiction to make fact-finding "incidental

8

to the adjustment of status" determination).  In addition, the BIA itself recently explained:

> It is clear that Immigration Judges do not have authority to decide whether a visa petition should be granted or revoked.  See 8 C.F.R. § 204.1(e) (2010)[].  However, despite these limitations, Immigration Judges do have jurisdiction over related issues.  For example, Immigration Judges may examine the underlying basis for a visa petition when such a determination bears on the alien's admissibility.

Matter of Neto, 25 I. & N. Dec. 169, 174 (BIA 2010).  Thus, although an IJ cannot grant or revoke a labor certificate in the first instance, an IJ can look at the underlying validity of a labor certificate to the extent it bears on the removal proceeding or an alien's adjustment of status and the BIA was incorrect in concluding otherwise in this case.

Accordingly, the BIA erred in concluding that the Lees were statutorily ineligible under § 1255(i) because the IJ was not permitted to review Mr. Lee's labor certificate, and we must grant the petitions for review and remand the case for further proceedings.[2]  We express no opinion on whether Mr. Lee's labor

---

[2] At oral argument, the Government suggested two alternate bases for denying the petitions for review.  First, the Government argued that the IJ implicitly found that Mr. Lee's labor certificate was not approvable when filed because the IJ noted "various inaccuracies" in the application.  J.A. at 261.  As the Government admits, however, the BIA did not adopt the IJ's opinion, and we are reviewing only the BIA's decision.  Second, the Government suggested that, because USCIS has already found that Hyeng's certificate was fraudulent, the Lees would be precluded from relitigating that fact before the IJ.  In
(Continued)

9

certificate was "approvable when filed" or whether Mr. and Mrs. Lee will ultimately be deemed statutorily eligible for adjustment of status.

III.

For the foregoing reasons, we grant the petitions for review and remand the case to the BIA for further proceedings.

PETITIONS GRANTED AND REMANDED

---

Ogundipe, 541 F.3d at 261, we noted that an alien was permitted to show his application was "approvable when filed" "subject to any applicable evidentiary and procedural rules." Again, however, the BIA did not address this argument and we decline to do so in the first instance in this case.