*783 MEMORANDUM **
Eriberto Errera seeks review of an order by the Board of Immigration Appeals (“BIA”) determining that he was removable and ineligible for relief from removal. He argues that he is entitled to relief because the Department of Homeland Security (“DHS”): (1) improperly sought to introduce evidence that it had failed to present to the Immigration Judge (“IJ”); and (2) provided him with an incomplete Form 1-294 when he was removed in 2003. We deny the petition in part and dismiss it in part.[1]
1. Even accepting that DHS’s motion to reconsider (which the IJ denied) was improper, Errera was not prejudiced by the motion because the BIA issued a sua sponte remand to the IJ for further fact-finding. Accordingly, to prevail Errera must show that the BIA exceeded its authority in issuing a sua sponte remand.
Our opinion in Rodriguez v. Holder, 683 F.3d 1164 (9th Cir.2012), holds that the BIA has the authority pursuant to 8 C.F.R. § 1003.1(d)(3)(iv) to issue a sua sponte remand. “Where the IJ has not made a finding of fact on a disputed matter, and such a finding is necessary to resolution of the case, the BIA must remand to the IJ to make the required finding.” Id. at 1170. “[I]f the BIA believes that it cannot decide the case without resolution of these facts, then it must remand to the IJ for further factual findings.” Id. at 1173. “If the BIA concludes that it cannot properly review the IJ’s decision without further factual development of the record, then the Board must remand the case to the IJ so that he may make the requisite factual findings.” Id. at 1177. These statements necessarily imply that the BIA has the power to remand sua sponte.
In so ruling, we agreed with the Second Circuit’s opinion in Padmore v. Holder, 609 F.3d 62, 70 (2d Cir.2010) (“If on remand there is a need to develop the factual record further, a task outside the scope of the BIA’s authority, see 8 C.F.R. § 1003.1(d)(3)(i), (iv), we instruct the BIA to send this case to an IJ for further findings of fact.”). See also Brezilien v. Holder, 569 F.3d 403, 413 (9th Cir.2009) (holding that 8 C.F.R. § 1003.1(d)(3)(iv) unambiguously “requires the BIA to remand the factual inquiry to the IJ rather than making its own factual finding on the matter”).
We are bound by our ruling in Rodriguez that the BIA may sua sponte remand a matter to the IJ for further factfinding. See Santamaria v. Horsley, 110 F.3d 1352, 1355 (9th Cir.1997) (“It is settled law that one three-judge panel of this court cannot ordinarily reconsider or overrule the decision of a prior panel.”).
Here, the BIA did not act arbitrarily or abuse its discretion in sua sponte remanding Errera’s case for further fact-finding. The IJ failed to determine the nature of Errera’s departures from the United States in 1985 and 2003. Indeed, the uncontroverted evidence on remand was that Errera had been ordered removed on February 20, 2003, and thus was inadmissible and ineligible for the adjustment of status that he sought.
In sum, the Ninth Circuit has held the BIA has the authority to issue a sua sponte remand for further factfinding and the BIA reasonably did so in this case. Accordingly, Errera was not prejudiced by *784 the DHS’s improper request that the IJ reconsider his opinion. Errera does not otherwise challenge the basis for the BIA’s removal order following the remand to the IJ.
2. We decline Errera’s request that we defer submission pending the en banc proceedings in Garfias-Rodriguez v. Holder, No. 09-72603. Garfias-Rodriguez concerns a different subsection of the statute from Duran Gonzales v. Department of Homeland Security, 508 F.3d 1227 (9th Cir.2007). The mandate in Duran Gonzales issued in January 2009, and thus Duran Gonzales was the applicable extant Ninth Circuit law when the BIA considered Errera’s case when he appealed from the Id’s adverse decision on remand.
3. We dismiss Errera’s claim that the Form 1-294 that he was given when he was removed in 2003, on which certain boxes were not checked, was inadequate. He failed to raise this argument before the BIA or the IJ, and thus, we lack jurisdiction to consider the claim. Arsdi v. Holder, 659 F.3d 925, 928-29 (9th Cir.2011). Were we to reach the argument, we would deny relief because the claim that the incomplete form constitutes a denial of due process is tenuous at best, see United States v. Ullyses-Salazar, 28 F.3d 932, 936 (9th Cir.1994), overruled on other grounds, United States v. Gomez-Rodriguez, 96 F.3d 1262, 1265 (9th Cir.1996) (en banc), and there is no indication that the form or its contents had any effect on Errera’s decision to reenter the United States within three days of being removed.
The petition for review is DISMISSED to the extent that it seeks review of Err-era’s claim concerning the Form 1-294 he was given, and is otherwise DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.