# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3463

_____

Bassem Hunsi Ahmed Mansour

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 24, 2013
Filed: January 9, 2014

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Bassem Hunsi Ahmed Mansour appeals the final order of the Board of Immigration Appeals finding him ineligible for "adjustment of status" under 8 U.S.C. § 1255(i). Having jurisdiction under 8 U.S.C. § 1252, this court affirms.

# I.

Mansour, a Jordanian citizen, entered the United States on a student visa. He married a legal permanent resident. Invoking section 245 of the Immigration and Nationality Act—allowing certain aliens present in the United States to apply for adjustment of status to lawful permanent residency—Mansour's wife filed an I-130 petition, verifying their qualifying family relationship. **8 U.S.C. § 1255**. Mansour concurrently filed an I-485 petition for permanent residency. The Immigration and Naturalization Service granted the 1986 petitions, adjusting his status to conditional permanent resident. The INS terminated this status in 1989, when Mansour and his wife failed to petition for removal of the residency conditions (he was living out of the country). *See* **8 U.S.C. § 1186a(c)(2)**.

In 1992, Mansour's mother, then a legal permanent resident, filed an I-130 petition on his behalf. The INS denied the petition because Mansour was married. Mansour and his wife divorced later that year.

In 1999, Mansour's mother filed another I-130 petition on his behalf. The INS approved the petition in 2000, authorizing him to return to the United States and remain until 2005. Mansour returned on a non-immigrant visa, but remained past the 2005 deadline (without renewing it or adjusting his status).

In 2007, Mansour filed an I-485 petition, again seeking to adjust his status to legal permanent resident. Because he had not maintained a non-immigrant visa since 2005, he was ineligible for adjustment under INA § 245(a)—which permits adjustment of status for aliens who enter the United States under inspection or parole and, as applicable here, maintain lawful non-immigrant status. **8 U.S.C. § 1255(a), (c)**. Instead, Mansour sought adjustment under § 245(i)—which permits adjustment of status for aliens ineligible under § 245(a) or disqualified under § 245(c). **8 U.S.C. § 1255(i)**. Although § 245(i) expired in 2001, a grandfather provision preserved the

right to adjust status under § 245(i) for certain aliens: the alien must have been the beneficiary of a qualifying immigrant visa petition (e.g., I-130 petition) filed on or before April 30, 2001; and, the petition must have been "approvable when filed" (i.e., "properly filed, meritorious in fact, and non-frivolous"). **8 C.F.R. § 245.10(a)(1)-(3)**. Whether a petition meets these criteria is "based on the circumstances that existed at the time the qualifying petition or application was filed." *Id.* **§ 245.10(a)(3)**. For petitions filed after January 14, 1998, the beneficiary must also have been present in the United States on December 21, 2000. **8 U.S.C. § 1255(i)(1)(C); 8 C.F.R. § 245.10(a)(1)(ii)**.

The U.S. Citizenship and Immigration Services (INS's successor) denied Mansour's petition, finding him ineligible for grandfathering based on any of his three I-130 petitions. As relevant to this appeal, the USCIS determined Mansour could not rely on his 1986 petition because "an application for adjustment of status cannot be based on an approved visa petition that has already been used by the beneficiary to obtain adjustment of status or admission as an immigrant."

The USCIS initiated removal proceedings. During a removal hearing in February 2010, Mansour renewed his petition for adjustment of status before an immigration judge. The IJ denied his request, finding that he was "attempting to establish that he was grandfathered under a petition that he has already used to gain conditional permanent resident status, which results in the petition being 'extinguished.'" In October 2010, Mansour submitted additional evidence for his petition, which was again denied. He appealed to the BIA. Upholding the IJ's decision, the BIA dismissed the appeal.

II.

Where, as here, the BIA adopted the IJ's opinion and added reasoning and analysis, this court reviews both decisions. *La v. Holder*, 701 F.3d 566, 570 (8th Cir.

2012).  This court reviews de novo the BIA's legal determinations, but accords "substantial deference to the agency's interpretation of a federal statute," unless "it is inconsistent with the plain language of the statute or constitutes an unreasonable interpretation of an ambiguous statute." *Afolayan v. INS*, 219 F.3d 784, 787 (8th Cir. 2000), *citing* **Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.**, 467 U.S. 837, 842-45 (1984).

Mansour contends that the unpublished BIA decision in his case is not entitled to *Chevron* deference.  *See* **United States v. Mead Corp.**, 533 U.S. 218, 234 (2001) (classification rulings generally lack the force of law and are "beyond the *Chevron* pale").  Many circuits agree, holding that where an agency decision has no precedential value, *Chevron* deference is inappropriate.  *See* **Arobelidze v. Holder**, 653 F.3d 513, 520 (7th Cir. 2011); **Carpio v. Holder**, 592 F.3d 1091, 1097 (10th Cir. 2010) ("If the interpretation is not precedential within the agency, then the interpretation does not qualify for *Chevron* deference."); **Quinchia v. United States Atty. Gen.**, 552 F.3d 1255, 1258 (11th Cir. 2008); **Rotimi v. Gonzales**, 473 F.3d 55, 57-58 (2d Cir. 2007); **Garcia-Quintero v. Gonzales**, 455 F.3d 1006, 1012-14 (9th Cir. 2006).  Even if *Chevron* deference is inappropriate, the BIA decision is entitled to a "lesser form of deference" under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).  *See* **Godinez-Arroyo v. Mukasey**, 540 F.3d 848, 850 (8th Cir. 2008), *citing* **Mead Corp.**, 533 U.S. at 234.

This court need not address whether *Chevron* deference is required here because the BIA decision can be affirmed under *Skidmore*.  *See* **Godinez-Arroyo**, 540 F.3d at 851.  "The opinion is afforded weight 'depend[ing] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade.'" *Id.* at 850, *quoting* **Skidmore**, 323 U.S. at 140.  To the extent the BIA decision interprets its own regulations, the interpretation is controlling unless "plainly erroneous or inconsistent with the regulation." **Auer v. Robbins**, 519 U.S. 452, 461 (1997).

III.

A.

Mansour does not claim eligibility for adjustment of status under § 245(i) based on his 1992 or 1999 petitions. Rather, he maintains that he is grandfathered under his 1986 petition and attacks the BIA decision as contrary to the unambiguous language of the statute.

Section 245(i) states that the Attorney General may adjust the status of certain aliens who are the beneficiaries of qualifying petitions filed on or before April 30, 2001, notwithstanding the provisions of § 245(a) and (c). The statute does not address whether a petition already used to adjust status is available for grandfathering. The statute is ambiguous, and the BIA decision is not contrary to it. *See Afolayan*, 219 F.3d at 787.

B.

Mansour next argues that the BIA decision is contrary to § 245(i)'s implementing regulation. The text of 8 C.F.R. § 245.10(a)(3) provides that a visa petition that "was properly filed on or before April 30, 2001, and was approvable when filed, but was later withdrawn, denied, or revoked due to circumstances that have arisen after the time of filing, will preserve the alien beneficiary's grandfathered status." Mansour contends he meets these requirements and that the regulation unambiguously entitles him to petition for adjustment of status under § 245(i).

The regulation addresses cases where a qualifying petition was later withdrawn, denied, or revoked. It does not address cases where a petition was previously approved. The regulation is ambiguous, and the BIA decision is not contrary to it. *See Auer*, 519 U.S. at 461.

C.

Because the regulation is ambiguous, the BIA's interpretation controls unless "plainly erroneous or inconsistent." *Auer*, 519 U.S. at 461. Because the statute is ambiguous, the BIA's interpretation receives *Skidmore* deference, depending on the thoroughness, validity, and consistency of its reasoning. *Godinez-Arroyo*, 540 F.3d at 850-51.

In March 2005, the Department of Homeland Security clarified the eligibility requirements to adjust status under § 245(i). *See* Interoffice Memorandum of William R. Yates, Associate Director for Operations, USCIS, DHS, "Clarification of Certain Eligibility Requirements Pertaining to an Application to Adjust Status under Section 245(i) of the Immigration and Nationality Act" (Mar. 9, 2005). The Yates memo states: "Once an alien meets the requirements for grandfathering under 8 CFR 245.10, the alien continues to be grandfathered until the alien adjusts status." *Id.* at ¶ 3(A). Reiterating 8 C.F.R. § 245.10(a)(3), the memo specifies: "If the alien has been denied adjustment of status, has withdrawn or abandoned the application for adjustment of status, or has *otherwise not adjusted* under section 245(i), the alien remains grandfathered." *Id.* (emphasis added). The memo directs: "USCIS no longer considers an alien 'grandfathered' once the alien is granted adjustment of status under section 245(i) because the alien has acquired the only intended benefit of grandfathering: LPR status." *Id.* at ¶ 3(E)(2). The Yates memo is entitled to respect to the extent it is persuasive. *See Castro-Soto v. Holder*, 596 F.3d 68, 73 (1st Cir. 2010), *citing Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000).

The BIA interpreted the Yates memo to require that a petition filed on or before April 30, 2001 be "available" (i.e., denied, withdrawn, abandoned, or otherwise not used) for an alien to be grandfathered under § 245(i). *See Castro-Soto*, 596 F.3d at 72 ("It is not an illogical corollary that an applicant's grandfathered status should expire once he has obtained all of the benefits available through a visa petition."). The BIA's interpretation is consistent with the supplementary information to an

interim rule implementing § 245(i): "A visa petition does not serve to grandfather the alien beneficiary if that alien has previously obtained lawful permanent resident status on the basis of that visa petition." *See* Adjustment of Status to That Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions to Eligibility, 66 Fed. Reg. 16383, 16384 (Mar. 26, 2001). The BIA's interpretation is persuasive, not plainly erroneous, and consistent with the statute and regulation. ***Castro-Soto***, 596 F.3d at 72 ("[I]t was not plainly erroneous or inconsistent with the regulation for the BIA to find that Castro-Soto had obtained all of the benefit due to him based on [his prior petition], and that the petition was therefore extinguished and cannot now provide grandfathered status.").

Mansour argues that the BIA ignored language in: (1) the statute—an alien may adjust under § 245(i) "*Notwithstanding the provisions of subsections (a) and (c) of this section*"; and, (2) the Yates memo—an alien is eligible for grandfathering if the alien "has not adjusted status *under 245(i)*" (emphasis added). According to Mansour, this language implies that § 245(i) is a "distinct and separate scheme for adjustment of status that operates apart from the rest of section 245" and the "only thing that terminates the eligibility of a grandfathered alien is the use of § 245(i) itself." *See **Matter of Legaspi***, 25 I&N Dec. 328, 329 n.2 (BIA 2010) (finding that the beneficiary of a 1987 visa petition who adjusted her status under § 245(a) remains grandfathered and eligible for adjustment under § 245(i) until she adjusts under § 245(i)).

No regulations, memorandums, BIA decisions, or courts of appeal have interpreted the statute as Mansour does. *Legaspi* is inapposite: the petitioner there had not previously used the petition under which she was grandfathered. Rather, her status was adjusted based on a separate petition. Moreover, Mansour's interpretation contravenes the purpose of the grandfathering provision: to allow aliens who did not receive an adjustment of status from their qualifying petition to apply for an adjustment after § 245(i) expired. *See **Castro-Soto***, 596 F.3d at 72-73, *citing* ***Echevarria v. Keisler***, 505 F.3d 16, 19 (1st Cir. 2007).

Mansour also argues that the BIA decision is a "petition-based" reading of § 245(i) inconsistent with the "alien-based" regulation. *See* 66 Fed. Reg. at 16384-85 (recognizing an alien-based reading of § 245(i)). He reasons that the BIA should "tie[] eligibility for § 245(i) to the alien, not the qualifying petition." The BIA decision does not conflict with this reasoning. The decision says: "A grandfathered alien is not limited to seeking adjustment of status based solely on the qualifying visa petition or application for labor certification that initially conferred grandfathered status. Such aliens may seek adjustment of status on any other basis for which they are eligible." By the BIA decision, if Mansour were a grandfathered alien, he would be eligible for adjustment of status on any proper basis. However, because Mansour was not grandfathered, he is ineligible for adjustment of status under § 245(i).

The BIA's conclusion that Mansour is not entitled to adjustment of status is a persuasive interpretation of § 245(i) and is not plainly erroneous or inconsistent with 8 C.F.R. § 245.10. Under the deference afforded by *Skidmore* and *Auer*, this court affirms the BIA.

*******

The petition is denied.

_____