WALLACE, Senior Circuit Judge,
concurring specially:
I write separately to call attention to an unfortunate confusion in our precedents.
Our opinion makes the following assertion: “Although the Board in this case held that § 1003.2 applies, we do not defer to that decision, because it is a ‘one-member, non-precedential, [Board] order’ and, therefore, does not reflect the agency’s fair and considered judgment on the matter in question.” Supra at 607-08 n.l., quoting Lemmar-Garcia v. Holder, 666 F.3d 518, 532 (9th Cir.2011) (internal quotation marks and citation omitted). I accept this statement, because it correctly reflects the holding in Lezama-Garcia. In my view, however, Lezamar-Garcia was wrongly decided. Worse, its erroneous interpretation of Auer deference has created an intracir-cuit split as to the type of deference owed to certain agency pronouncements — namely, the one-member, non-precedential Board decisions at issue here.
The outcome of this case is unaffected by this confusion, insofar as Go did not raise the issue of the proper deference to be accorded to the Board’s interpretation of the relevant regulation, and thus waived any argument as to the issue. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999). Nonetheless, I write separately to call this issue to the attention of our court.
I.
The confusion addressed in this concurrence arises from a misunderstanding of a crucial distinction in administrative law. That distinction is between the proper deference owed to an agency’s interpretation of a statute and the proper deference owed to an agency’s interpretation of its own regulations. The principles of Chevron deference apply to the former. See, e.g., Gonzales v. Oregon, 546 U.S. 243, 255-56, 126 S.Ct. 904, 163 L.Ed.2d 748 (2006), discussing Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). By contrast, the principles of Auer deference apply to the latter. See, e.g., id., discussing Auer v. Robbins, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997); see also Price v. Stevedoring Servs. of Am., Inc., 697 F.3d 820, 828-29 (9th Cir.2012) (explaining that Auer stands for the “principle that agencies’ interpretations of their own regulations are entitled to deference, even when their interpretation of statutes is not,” whereas Chevron deference applies to an agency’s statutory interpretations).
In this case, the issue is the Board’s interpretation of its own regulations— namely, 8 C.F.R. § 1003.2. Thus, Auer deference should apply.
“Agencies are entitled to deference to their interpretation of their own regulations.” Native Ecosystems Council v. U.S. Forest Serv., 418 F.3d 953, 960 (9th Cir.2005). Under our precedents, “where an agency interprets its own regulation, even if through an informal process, its interpretation of an ambiguous regulation is controlling under Auer unless ‘plainly erroneous or inconsistent with the regulation.’ ” Bassiri v. Xerox Corp., 463 F.3d 927, 930 (9th Cir.2006), citing Auer, 519 U.S. at 461, 117 S.Ct. 905 (emphases added). This is correct as a matter of administrative law. See Auer, 519 U.S. at 461-62, 117 S.Ct. 905 (deferring to the interpretation of a regulation presented in an amicus brief filed by the Department of Labor). Thus, it is unsurprising that we have followed this principle in a wide variety of contexts. See, e.g., Public Lands for *611 the People, Inc. v. U.S. Dept. of Agric., 697 F.3d 1192, 1199 (9th Cir.2012) (according “wide deference” to the Forest Service Manual’s interpretation of a regulation); Barboza v. Cal. Ass’n of Prof'l Firefighters, 651 F.3d 1073, 1076, 1079 (9th Cir.2011) (deferring to the interpretation of a regulation advanced in an amicus brief by the Department of Labor); Siskiyou Reg'l Educ. Project v. U.S. Forest Serv., 565 F.3d 545, 548, 554-57 (9th Cir.2009) (deferring to the interpretation of a “mining-related directive” set forth in a “Memorandum to Regional Foresters” issued by the Forest Service); Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 n. 1 (9th Cir.2008) (deferring to an Office of Thrift Supervision legal opinion interpreting a regulation); L.A. Closeout, Inc. v. Dep’t of Homeland Sec., 513 F.3d 940, 941-42 (9th Cir.2008) (deferring to an internal memorandum used by the Department of Homeland Security in interpreting a regulation). As these cases make clear, an agency’s interpretation of an ambiguous regulation — no matter how informal the pronouncement in which the agency advances its interpretation — is controlling, unless that interpretation is plainly erroneous or inconsistent with the regulation itself.
Recently, however, we misread this long line of precedent. See Lezama-Garcia v. Holder, 666 F.3d 518 (9th Cir.2011). In Lezama-Garcia, the majority announced that a single-member, non-precedential decision of the Board “is entitled to no deference under Auer as an agency interpretation of a regulation.” Id. at 532. Regrettably, Lezama-Garcia has since led other panels within our Circuit astray. See Errera v. Holder, 492 Fed.Appx. 782, 791 (9th Cir.2012) (Bennett, J., concurring).
The erroneous nature of this statement was correctly pointed out by the dissent in Lezama-Garcia, 666 F.3d at 538-39 (Raw-linson, J., dissenting) (explaining that the majority had erred, inter alia, by “giv[ing] absolutely no deference to the agency’s interpretation of its regulation”). The refusal of the majority in Lezama-Garcia to accord deference, under Auer, to a non-precedential decision of the Board is irreconcilable with Bassiri, which holds that even an “informal” agency interpretation must be afforded Auer deference. Bassi-ri, 463 F.3d at 930.
In support of its conclusion, the majority in Lezama-Garcia cited a case from the Seventh Circuit, rather than considering Bassiri or its progeny within the Ninth Circuit. See Lezama-Garcia, 666 F.3d at 532, citing Joseph v. Holder, 579 F.3d 827, 833-35 (7th Cir.2009). To make this already confusing situation even more confounded, the reasoning of the Seventh Circuit has been rejected by both the Second and Eighth Circuits. Compare Joseph, 579 F.3d at 832-33 (deciding to afford lesser deference to a non-precedential, one-member decision of the Board) with Mansour v. Holder, 739 F.3d 412, 414-15 (8th Cir.2014) (holding that “[t]o the extent the [unpublished Board] decision interprets its own regulations, the interpretation is controlling unless ‘plainly erroneous or inconsistent with the regulation’ ”) and Linares Huarcaya v. Mukasey, 550 F.3d 224, 228-30 (2d Cir.2008) (giving “substantial deference” under Auer to a non-prece-dential Board decision interpreting Justice Department regulations).
In any event, and regardless of the contrary misinterpretations proffered by us in Lezama-Garcia and by the Seventh Circuit in Joseph, the law of our circuit is clear: “where an agency interprets its own regulation, even if through an informal process, its interpretation of an ambiguous regulation is controlling under Auer unless ‘plainly erroneous or inconsistent with the regulation.’ ” Bassiri, 463 F.3d at 930.
*612 II.
The distinction between the type of deference owed to an agency’s interpretation of a statute and that owed to its interpretation of its own regulations is critical to understanding the case on which Lezama-Garcia relied. In Garcia-Quintero v. Gonzales, 455 F.3d 1006 (9th Cir.2006), we considered whether unpublished, non-prec-edential decisions of the Board should be afforded Chevron deference. Id. at 1012-13. The question of whether Chevron deference should be afforded to the Board’s decision was appropriate, because the court in Garcia-Quintero was considering the Board’s interpretation of “the cancellation of removal statute, 8 U.S.C. § 1229b.” Id. at 1009. The holding of Garcia-Quintero was strictly that Chevron deference should not be afforded to unpublished, non-precedential decisions of the Board. Id. at 1014. Garcia-Quintero says nothing about Auer deference.
Lezama-Garcia, which relied upon Garcia-Quintero, crucially failed to apprehend that the latter case was considering an agency’s interpretations of a statute, and thus solely dealt with Chevron deference. Lezama-Garcia begins by observing that Garcia-Quintero had held that a “single-member [Board] decision interpreting a statutory provision” is entitled only to deference “in proportion to [its] power to persuade.” Lezama-Garcia, 666 F.3d at 532. So far, so good. The opinion in Lezama-Garcia then falls into error, however, when it goes on to hold that “[f]or a similar reason, [a single-member Board decision] is entitled to no deference under Auer as an agency interpretation of a regulation.” Id. The error, again, is in failing to recognize that Chevron and Auer deference are significantly different, and that the reasons for deferring (or not deferring) under Chevron are not relevantly “similar” to the reasons for deferring (or not deferring) under Auer.
The relevant difference between Chevron and Auer deference is well explained by Judge Berzon in her recent opinion in Price. There, she discusses the distinction between “an agency’s informal interpretations of its own regulations [which are entitled to Auer deference] and of its governing statute [which are entitled to Chevron deference].” Price, 697 F.3d at 829. As she explains, the “rigors of rule-making” are pertinent to an understanding of why, in the context of an agency’s statutory interpretation, courts are to apply principles of Chevron deference. Id. By contrast, once an agency has “undertake[n] careful deliberation about how best to effectuate statutory policies during the demanding process of promulgating regulations” — a process during which, importantly, “agencies are held accountable to the public through the formal rulemaking process” — it makes sense to demand “[l]ess formality” of an agency’s “subsequent interpretation” of its own regulations. Id. at 829-30. Thus, in the latter context, the principles of Auer deference are appropriate.
As this discussion indicates, it does not follow, from the fact that we would afford no Chevron deference to a single-member Board interpretation of a statute, that we would therefore also afford no Auer deference to such an interpretation of a regulation. See Lezama-Garcia, 666 F.3d at 532. If Lezama-Garcia had applied Bassiri and its progeny, this error would have been avoided.
III.
One might try to salvage the holding in Lezamctr-Garcia by arguing that Auer does not mandate deference to a one-member, unpublished decision of the Board, insofar as such a decision is not legally binding on *613 the agency itself. Such an argument, however, would be unfounded. I know of no case in which we have held that the general principles of Auer deference, as articulated in such cases as Bassiri, should not be followed if the pronouncement in which the agency articulates its interpretation of a regulation is not legally binding on that agency.
In fact, our court has afforded Auer deference to agency documents that are not legally binding on the agency that issued them. In Public Lands for the People, Inc. v. U.S. Department of Agriculture, 697 F.3d 1192, 1199 (9th Cir.2012), we gave “wide deference” under Auer to the Forest Service Manual’s interpretation of a regulation. But in Western Radio Services Co., Inc. v. Espy, 79 F.3d 896 (9th Cir.1996), we held that the Forest Service Manual does not have the force and effect of law, insofar as it is “not substantive in nature,” is “not promulgated in accordance with the procedural requirements of the Administrative Procedure Act,” and is not “promulgated pursuant to an independent congressional authority.” Id. at 901. Therefore, we held that the Forest Service Manual cannot be binding on the agency that promulgated it. Id. at 901-02.
Thus, even though we have expressly held that the Forest Service Manual does not have the force of law and is not binding on the agency that promulgated it, our court has nonetheless given Auer deference to the interpretation of a regulation set forth by that Manual. Public Lands, 697 F.3d at 1199. Under the same logic, and under Bassiri and its progeny, we must give Auer deference to an unpublished decision by the Board, even though such a decision lacks the force of law and is not binding on the Board.
IV.
Although I agree with the outcome arrived at by our opinion, a more straightforward way to reach that outcome would have been through the principles of Auer deference. Those principles, as articulated by this court’s precedents, teach that we should regard as “controlling” the Board’s decision to address motions to reopen that present CAT claims under 8 C.F.R. § 1003.2(c). Bassiri, 463 F.3d at 930 (9th Cir.2006). When considering whether to defer under Auer, we begin by determining whether the regulation is ambiguous. Id. at 931 (citation omitted). If the regulation is ambiguous, the agency’s interpretation is controlling unless that interpretation is “plainly erroneous or inconsistent with the regulation.” Id. (citations omitted). “Under this standard, we defer to the agency’s interpretation of its regulation unless an alternative reading is compelled by the regulation’s plain language or by other indications of the [agency’s] intent at the time of the regulation’s promulgation.” Id. (internal quotation marks and citation omitted).
Applying this standard, we should defer to the Board’s interpretation of 8 C.F.R. § 1003.2(c). First, the regulation is ambiguous. Although the regulation does not expressly refer to the CAT, there is also nothing in the language of the regulation that precludes applying it to CAT claims. Indeed, as our opinion observes, this court has repeatedly taken for granted that it does apply to CAT claims. Thus, the regulation is ambiguous as to this issue. Accordingly, under Auer, we must defer to the Board’s interpretation unless an alternative interpretation is “compelled by the regulation’s plain language” or by other indications of the Board’s intent at the time the regulation was promulgated. Id. As discussed above, 8 C.F.R. § 1003.2(c) is silent as to CAT claims; thus, the plain language of the regulation does not compel us to reject the Board’s interpretation that *614 it applies to such claims. Nor does Go point to any indications that the Board intended for the regulation not to apply to CAT claims at the time it was promulgated. Therefore, the Board’s interpretation that 8 C.F.R. § 1003.2(c) applies to CAT claims is controlling, and we should defer to that interpretation.[1]
V.
In general, the “appropriate mechanism for resolving an irreconcilable conflict [between our decisions] is an en banc decision.” United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir.1992) (en banc) (per curiam). However, we have also held that even where the “orderly development” of our case law “might benefit from an en banc review,” it is not necessary to engage in such review if a particular case does not “compel[ ]” us to do so. Vasquez v. Astrue, 572 F.3d 586, 593 n. 5 (9th Cir.2008) (explaining that we may “avoid a choice among rules which [the] case does not require”). Here, because of Go’s waiver of the issue, and because we arrive at the same result regardless of the level of deference provided to the Board’s interpretation of 8 C.F.R. § 1003.2(c), this case does not require us to call for en banc review to resolve the tension between Bas-siri and its progeny and the inconsistent view expressed in Lezama-Garcia. Thus, it will fall to a future panel of our court to address this confusion and correct the error of Lezama-Garcia.

. Go does not argue that the regulation at issue, 8 C.F.R. § 1003.2(c), is itself an improper interpretation of the Immigration and Nationality Act. In any event, such an argument would fail. See Vega v. Holder, 611 F.3d 1168, 1170-71 (9th Cir.2010).